**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

JEFFREY LAMOTHE,

                       Plaintiff,

         v.                                            2:23-CV-00054
                                                                  (TJM/CFH)

EVAN STEINERT; HYKUNG CARRERO,

                       Defendants.
_____

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

      Plaintiff commenced this action on March 9, 2023, by filing a complaint (Dkt. No. 1-3) and application for leave to proceed in forma pauperis ("IFP") (Dkt. No. 1).[1] On March 21, 2023, the District of Vermont disqualified itself and ordered that this case be reassigned to a U.S. District Judge in the Northern District of New York. See Dkt. No. 2. On March 23, 2023, this matter was assigned to Senior U.S. District Judge Thomas J. McAvoy. See Dkt. No. 3. On April 5, 2023, this matter was referred to the undersigned.

---

[1] Plaintiff has recently filed 12 actions in this District. See Lamothe v. Brown, 5:22-CV-161; Lamothe v. Bankruptcy Court, 5:22-CV-162; Lamothe v. Bankruptcy Court U.S. Trustee, 5:22-CV-163; Lamothe v. Cooper, 5:22-CV-164; Lamothe v. Federal Court Clerk, 2:22-CV-220; Lamothe v. Federal Court Clerks, 2:23-CV-28; Lamothe v. Rutland Sheriffs Department, 2:23-CV-29; Lamothe v. Rutland Sheriffs Department, 2:23-CV-30; Lamothe v. Rutland Superior Court Clerks, 2:23-CV-31; Lamothe v. Rutland City Hall Social Security, 2:23-CV-32; Lamothe v. Federal Court Clerks of Vermont, 2:23-CV-33; Lamothe v. Federal Court Clerks, 2:23-CV-40. On June 16, 2023, Chief Judge Geoffrey W. Crawford enjoined plaintiff from filing any new actions in the U.S. District Court, District of Vermont without first obtaining leave from the Chief Judge. See 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, Dkt. No. 19.

See Dkt. No. 4. Presently pending for review is consideration of plaintiff's IFP application, and, if granted, review of the complaint pursuant to 28 U.S.C. § 1915.

## I. **In Forma Pauperis**

After reviewing plaintiff's IFP application, Dkt. No. 1, the Court concludes that plaintiff financially qualifies to proceed IFP.[2] Accordingly, the undersigned proceeds to review the complaint.

## II. **Relevant Legal Standards**

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir.

---

[2] Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.
[3] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[4] Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8

---

[4] As copies of this case have been provided to plaintiff along with each Report-Recommendation & Orders filed in his other cases, the Court will not be sending another copy of this unpublished case at this time.

3

provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.

4

> 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is

5

so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III. **Complaint**

Plaintiff seeks to bring this action against Evan Steinert and Hykung Carrero,[5] who appear to be the landlords for his apartment and residence at 17 Potter Avenue, Apt. B, Granville, New York 12832. See Dkt. No. 1-3 at 1. Plaintiff contends that there was an "attempted" eviction on December, 12, 2022, based on a warrant of eviction from the Warren County Sheriff's Department. See Dkt. No. 1-3 at 3. He appears to argue that the attempted eviction was illegal because it was executed during the "winter months," and that an unidentified law does not permit evictions to occur until April 15. Id. at 5. Plaintiff's complaint states the following:

> Insubordination, wrongfull [sic] eviction attempt, trespassing[,] harassment, inproachment [sic] on my civil rights, invasion on my personel [sic] property, contempt of court, breech of civil contract aswell [sic] as ordinances, had been preformed [sic] before thee date of December 12 2022. Lease agreement hadn't been transfered [sic] legally, first, last, security may or may not has [sic] been spent, wrongfull [sic] handling of lease agreement, eviction in the winter months of December.

Dkt. No. 1-3 at 5. He states further that "sheriff never showed, said he would meet me at apartment on Thursday 12-08-22 after numerous phone calls earlier that day! Lease hadn't been transferred legally! Two at 12:29 and due at 12:42[.] Eviction during the Winter Months!! What's thee [sic] law and what's not!!" Id. at 7. He also makes a

---

[5] In one line of his complaint he state that he is "serving police office as well," but does not name police as a defendant. Dkt. No. 1-3 at 7. Plaintiff also includes the name and address of the named defendants' apparent counsel, Ludeman & Associates, as well as the Village of Granville Court.

reference to not having "notice" of the eviction until an unidentified date.  Dkt. No. 1-3 at 4.

Plaintiff also includes what appears to be various correspondence that he sent to defendants and/or to the Village of Granville court.  In a letter dated February 11, 2023, he states (1) that he is behind on paying rent because his "monthly income had been taken for eight weeks on negligence on somebody[,]" and (2) that plaintiff has "30 days for notice for notice of evictions an [sic] 60 day's [sic] if you have a business such as myself as a court litigant in numerous high courts and addresses of responses is necessary, aswell [sic] as the state mandate it's wrong doing to evict a tenant between the winter months or untill [sic] April 15 (all at good faith actions)!!"  Dkt. No. 1-3 at 15.  He also appears to contend that the prior owners allowed him to "roll over" his lease without signing a new lease.  Id. at 16.  He "assume[s]" that "there may have been forgery or perhaps some type of wrong doing in the process of transferring or writing of the lease agreement" and indicates his desire to "[s]tay at the apartment . . . for the rest of the lease, that would be untill [sic] December 28 2023[.]" Id.

Next, plaintiff attaches a letter dated January 25, 2023, addressed to "Village of Granville Court," where he advises the Court that he has "only one income at this time paid to myself on every second Wedsay [sic] of each month, aswell [sic] as not receiving payments of court lawsuites [sic] in numerous courtrooms, of a status of loss-costs-damages."  Dkt. No. 1-3 at 17.  He continues that he has "paid two thousand dollars to thee [sic] Granville Court in thee [sic] last four weeks" and "will be paying another one thousand dollars no later than February 10 2023 . . . if thee [sic] court is open.  Which makes the total paid will be three thousand dollars that I have paid in thee

[sic] last six weeks at thee [sic] apartment I've rented for thee [sic] last three years, at thee [sic] address above." Id.

Plaintiff attaches a document titled "Notice of Petition to Recover Real Property Holdover," dated January 20, 2023, from Matthew R. Ludemann, "attorney for the petitioners" Evan Steinert and Hyekung Carrero. Dkt. No. 1-3 at 26. This document advises plaintiff to "take notice" of a hearing to be held on February 7, 2023, at the Granville Village Court, County of Washington, that plaintiff may answer the petition orally or in writing, and that if he "fail[s] to interpose and establish any defense that you may have to the allegations of the petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action." Id. Plaintiff appears to have made handwritten annotations to this document, including writing, "eviction vacated Dec 31 2022[,]" "accomplice to SSI Fraud!!" "(Roll Over Lease)[,] No eviction before April 15"[6] Id.

Plaintiff also includes a notice from the Washington County Sheriff's Office, Civil Division, file # 23-000088, Justice Court, Village of Granville, with the caption, "Evan Steinert and Hyekung Carrero against Jeffrey Lamothe," on which it indicates that it was served on February 16, 2023, at 11:20 AM, and advises plaintiff that within 14 days of receipt, he is to "remove yourself and all your personal property from the premises you now occupy at 17 Potter Ave, APT B in the Town/Village of Granville, NY 12832." Dkt. No. 1-3 at 19. This notice is signed (illegibly) by a Deputy Sheriff but the "date eviction completed" portion is blank. Id. Plaintiff also attaches a warrant from Village of Granville Court, stating that plaintiff did not appear or present a defense, and the Court granted

---

[6] It appears plaintiff may have written "state law," below "No eviction before April 15," but this is partially cut off. Dkt. No. 1-3 at 19.

plaintiff until February 14, 2023, to remain in the premises, but that plaintiff is to be removed from the premises no later than fourteen days after service of the warrant, with the earliest date the warrant could be executed being February 28, 2023.  See Dkt. No. 1-3 at 24.  The warrant is signed and dated February 7, 2023.  Id.[7]

Next, plaintiff includes a letter dated February 7, 2023, addressed to Granville Village Court.  See Dkt. No. 1-3 at 20.  The letter indicates that he is unable to pay $1750, but can make a partial payment of $1250.  See id.  He indicates that he has not been "receiving eight weeks of known payment at thee [sic] end of 2022, aswell [sic] as local bank withholding funds from my bank account."  Id.  He provides that a payment of $1250 "will make it $3,250 in last six weeks!!!"  Id.  At the bottom of this page is a photocopy of a check for $1250, dated February 8, 2023, made out to Evan Steinert.  See id.

Additionally included is a "promissory note" dated December 23, 2023, addressed to Granville Village Court, wherein plaintiff provides that he has a check for $2500 to "[s]atisfy all rest arrears and months it will cover Septembers [sic] 2002, October 2022, November 2022, December 2022 as which a new lease to July 2023."  Dkt. No. 1-3 at 23.  It further provides that he will "have check, today's date of December 23, 2022 as I will present a payment of past due rent, asfore [sic] of no lease agreement of these dates, will still have check on eviction December 27, 28 2022."  Id.

In what appears to be a demand for relief associated with his complaint in this action, plaintiff seeks "rent to be paid at 17 Potter Ave Apt B," along with the payment of

---

[7] Plaintiff also includes a signed warrant dated November 29, 2022, stating that plaintiff was permitted to remain on the premises until November 29, 2022, and that the earliest execution date for the warrant is December 3, 2022.  See Dkt. No. 1-3 at 25.

his various utilities and internet, and "a first option to buy for Eighty Thousand Dollars as of that date of April 2023, if possible." Dkt. No. 1-3 at 6. Plaintiff also attaches a "motion" wherein he seeks

> to be granted to Jeffrey Peter Lamothe monies to purchase the property on 17 Potter Ave, Granville, NY 12832 from thee [sic] owners for one hundred twenty thousand dollars, with a kick back of twenty thousand dollars to myself!" along with the "contends of the house miscellaneous six thousand dollars[,] 2004 Chevy Balzer three thousand dollars[,] 1999 Ford Truck Three thousand dollars[,] Boat Trailer one thousand dollars[,] Boat five thousand dollars[,] 1995 Yamaha two thousand dollars[.] Total twenty thousand dollars. Grand Total One Hundred Forty Thousand Dollars. Not included, a Billion Dollars In Court Litigation, Lawsuites [sic] Papertrail!!!

Dkt. No. 1-3 at 8. Plaintiff also includes a "Motion Summary of Judgement (Settlement) wherein he seeks thirty six million dollars, which brings thee [sic] total to one hundred eight million dollars"; "three brand new cards – vehicles of any make model of 2022, which had been only one vehicle at that time." Id. at 26. He further provides, "[t]o add on three times six hundred twenty-five dollar total of eighteen hundred and seventy-five!!" Id.

     Plaintiff does not cite any law he alleges defendants to have violated. See generally Dkt. No. 1-3. It is not clear whether plaintiff has been evicted from the property, as his handwritten annotations indicate that the eviction was "vacated" on December 31, 2022.[8] Dkt. No. 1-3 at 26. Plaintiff's complaint does not comply with Fed. R. Civ. P. 8 and 10. His singular, unexplained or insufficiently explained references to allegations of wrongdoing – "wrongfull eviction," "trespass," "harassment," "inproachment [sic] on my civil rights," "invasion on my personel [sic] property," "contempt of court," and "breech of civil contract" – are plainly insufficient "to give fair

---

[8] The Court observes that plaintiff's address is still listed on the docket as 17 Potter Ave Apt B, P.O. Box 284, Granville, New York 12832-0284.

notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores, 189 F.R.D. at 54. Accordingly, it is recommended that plaintiff's complaint be dismissed for failure to comply with Rules 8 and 10 insofar as it "provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales, 167 F.R.D. at 355 (N.D.N.Y. 1996).

Moreover, there is a question whether venue is proper in the District of Vermont. Plaintiff resides in New York and provides that defendants are citizens of New Jersey. Further, plaintiff alleges that the matters surrounding the eviction occurred in New York. See generally Dkt. No. 1-3. Above the caption of his complaint, plaintiff writes, "State of NY/VT." Id. at 1. However, because (1) the complaint is so factually sparse and difficult to comprehend, and (2) plaintiff repeats keywords[9] he raised in his earlier cases – which did have a connection to the District of Vermont – the Court does not find that transfer of venue would be warranted at this early stage.

The undersigned next assesses – to the extent possible – whether the Court has subject matter jurisdiction over plaintiff's complaint. As this Court set forth in another of plaintiff's cases, Lamothe v. Brown,

> Federal jurisdiction is only available when (1) a "federal question" is presented, or (2) the plaintiff and all of the defendants are of diverse citizenship and the amount in controversy exceeds $ 75,000. See 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). When a court lacks subject

---

[9] He refers to "malpractice on judges[,] insubordination, unlawfull [sic] representation" "breech[sic] of civil contract," "trespassing." Dkt. No. 1-3 at 1. These are all keywords he has included in other recent complaints.

11

> matter jurisdiction, dismissal is mandatory. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

Lamothe v. Brown, 2:22-CV-161 (TJM/CFH), Dkt. No. 9 at 14-15. Given that plaintiff's apparent claims surround what he alleges to be a wrongful eviction, it appears that his claims likely arise under state law, and that he would seek to proceed under diversity jurisdiction. As plaintiff and defendants are citizens of different states and he alleges the amount in controversy to be greater than $75,000, if plaintiff were able to set forth a viable claim, he would be able proceed through diversity jurisdiction. As for federal question jurisdiction, plaintiff made a solitary and conclusory statement that the eviction, or attempted eviction was an "inproachment [sic] on my civil rights," dkt. no. 1-3 at 5, but did not detail what right was violated or how defendants were personally involved in the violation of his civil rights. Further, for section 1983 to apply, he would have to demonstrate that defendants acted under the color of state law. See, e.g., Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012); Young v. Suffolk Cnty., 705 F. Supp. 2d 183, 196 (E.D.N.Y. 2010); see also Jeanty v. Sciortino, No. 6:22-CV-319 (BKS/TWD), __F.Supp.3d __, 2023 WL 2931863, at *8 (N.D.N.Y. Apr. 13, 2023)[10] ("While private parties generally are not state actors, their conduct can be attributed to the state for Section 1983 purposes if "(1) the State compelled the conduct [the "compulsion test"], (2) there is a sufficiently close nexus between the State and the private conduct [the "joint action test" or "close nexus test"], or (3) the private conduct consisted of activity

---

[10] The Court has provided plaintiff pro se a copy of this unpublished case.

that has traditionally been the exclusive prerogative of the state [the "public function test"]." ) (quoting Hogan v. A.O. Fox Mem'l Hosp., 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (internal quotation marks omitted)).  Beyond this isolated conclusory statement, plaintiff's complaint does not provide any facts to support a claim that his constitutional rights were violated by alone, let alone the named defendants.

     A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Branum v. Clark, 927 F.2d 698, 704-705 (2d Cir. 1991).  However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id.  Although the Court believes it is very unlikely that plaintiff will amend his complaint, let alone amend it to cure the defects identified herein, because plaintiff's complaint potentially could be amended to demonstrate this Court's venue and subject matter jurisdiction, in light of special solicitude, it is recommended that plaintiff be permitted to amend his complaint to provide sufficient factual support and legal arguments, including (1) why venue is proper in the District of Vermont, (2) when and whether the eviction was executed; (3) under which state and/or federal laws he seeks to bring his claims; (4) why the eviction was illegal under the law(s) specified; and (5) if he seeks to raise constitutional claims, identify what constitutional rights defendants allegedly violated, how defendants – private parties – can be considered state actors for purposes of 42 U.S.C. § 1983, and how they were personally involved in the alleged violations.

### VI. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, dkt. dkt. no. 1, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-3, be **DISMISSED without prejudice and with an opportunity to amend**; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be permitted thirty (30) days from the filing date of the District Judge's Order to file an amended complaint, and that if plaintiff fails to file an amended complaint within that timeframe, the case be closed without further order of the Court;

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules of Practice.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[11]

Dated: June 29, 2023
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[11] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).