**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

---

JEFFREY LAMOTHE,

                Plaintiff,

    v.                                                 2:23-cv-00054 (AMN/CFH)

EVAN STEINERT and HYKUNG CARRERO,

                Defendants.

---

**APPEARANCES:**                                           **OF COUNSEL:**

**JEFFREY LAMOTHE**
188 Shopping Place
Box 176
Rutland, Vermont 05701-0176
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

      This case was assigned to the United States District Court for the Northern District of New York, following the decision by United States Chief District Judge Geoffrey W. Crawford to disqualify the United States District Court for the District of Vermont pursuant to 28 U.S.C. § 455(a).  Dkt. Nos. 2-3.  Plaintiff *pro se* Jeffrey Lamothe filed this action in the District of Vermont, raising claims against two persons who are apparently his landlords.  Dkt. No. 1-3 ("Complaint").  The Defendants allegedly reside in New Jersey, while Plaintiff resides in New York.  Plaintiff's claims appear to arise from a dispute regarding the lease on the property Plaintiff rents and Defendants' attempts at procuring an eviction.  Plaintiff also appears to allege

discrimination regarding this process. This Court (McAvoy, J.)[1] referred the matter to United States Magistrate Judge Christian F. Hummel for a Report-Recommendation. Dkt. No. 4.

Because Magistrate Judge Hummel recommended permitting Plaintiff to proceed *in forma pauperis*, Judge Hummel performed an initial review of the Complaint to determine whether service was warranted. In his Report-Recommendation and Order dated July 12, 2023 ("Report-Recommendation"), Magistrate Judge Hummel attempted to discern the nature of Plaintiff's claims. Dkt. No. 5. Magistrate Judge Hummel faced a difficult task, as the Complaint is a collection of documents addressed to various parties, offering a number of allegations concerning disputes about the property and the actions of local courts and officials in relation to Plaintiff's eviction. Magistrate Judge Hummel described the Complaint, noting that Plaintiff offers a series of documents related to the property dispute and demands a variety of relief to solve that dispute, including millions of dollars in damages and property, as well as court expenses. *Id.* at 6-10.[2] Magistrate Judge Hummel pointed out, however, that "Plaintiff does not cite any law he alleges defendants have violated." *Id.* at 10. In the end, Magistrate Judge Hummel concluded that the Complaint violates Federal Rule of Civil Procedures 8 and 10, since Plaintiff's allegations provide no basis for a defendant to discern the nature of the claims and craft a response. *Id.* at 10-11. Magistrate Judge Hummel also noted Plaintiff offers no basis for why he brings the case in Vermont, where neither he nor the Defendants reside. *Id.* at 11. Thus, Plaintiff has not demonstrated a basis for venue in this District. *Id.* Finally, Magistrate Judge Hummel concluded that Plaintiff has not offered any basis for subject matter jurisdiction. *Id.* at 11-13. Though he

---

[1] The case was subsequently reassigned to the undersigned. Dkt. No. 8.
[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

found that Plaintiff has failed to state any viable claim, Magistrate Judge Hummel recommended that the Court dismiss the action without prejudice to filing an amended complaint, since Plaintiff proceeds *pro se*. *Id.* at 13.  Last, Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 14.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.      STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citations omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.    DISCUSSION**

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff did not file objections to the Report-Recommendation. Instead, Plaintiff re-filed the Complaint in this case. *Compare* Dkt. No.# 1-3*, with* Dkt. No. 6. Plaintiff also filed a document that purports to be a motion seeking damages of $3,900 for an eviction that occurred in March 2023. *See* Dkt. No. 7. The Court does not consider re-filing the document that initiated the

action as an objection to Magistrate Judge Hummel's conclusion that the Complaint fails to raise a claim upon which relief could be granted. Likewise, the Court does not read the second document filed as an objection to the Report-Recommendation. The document does not address the Report-Recommendation in any way. The Court thus concludes that Plaintiff has not objected to the Report-Recommendation. Moreover, the Court finds that the Report-Recommendation is not subject to attack for clear error. Even after *de novo* review, the Court agrees with Magistrate Judge Hummel's findings for the reasons stated in the Report-Recommendation.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's application for leave to proceed *in forma pauperis*, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1-3, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that if Plaintiff does not submit an amended complaint consistent with the guidance set forth in the Report-Recommendation **within thirty (30) days** of the date of this Order, the case will be dismissed without prejudice and without further order of the Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: May 13, 2024
       Albany, New York

*/s/ Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk has previously provided copies Plaintiff with copies of all unreported decisions herein.